UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ADAM DUPUIS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-1804** |
| **UNITED STATES OF AMERICA** | **SECTION "B"(5)** |

## ORDER AND REASONS

Before the Court is the United States of America's motion to limit the *Ad Damnum* (Rec. Doc. 13). Plaintiff did not file an opposition to the motion, so it will be considered unopposed. For the following reasons,

**IT IS HEREBY ORDERED** that defendant's motion to limit the *Ad Damnum* (Rec. Doc. 13) be **GRANTED** for reasons *infra*.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The instant matter initially began on October 14, 2022, as an administrative tort claim to the United States Postal Service ("USPS") on a Standard Form 95 ("SF-95"). *See* Rec. Doc. 13-2; Rec. Doc. 1 at 2¶4. The complaint concerned an alleged motor vehicle accident which occurred on April 9, 2021, between Adam Dupuis and Marissa Brown, who at the time was driving within the course and scope of her employment with USPS. Rec. Doc. 1 at 2¶7-8. Alleging that USPS employee Brown caused the accident, the plaintiff complied with the provisions of 28 U.S.C. U.S.C. §2671, *et seq*. of the Federal Tort Claims Act ("FTCA"), and exhausted his administrative remedies prior to filing this lawsuit on July 17, 2024. Rec. Doc. 1 at 1¶3.

The instant motion filed by defendant the United States of America focuses on the total amount of damages the plaintiff is claiming. Rec. Doc. 13. Previously, when plaintiff submitted his administrative tort claim on a SF-95, plaintiff indicated that the total amount of his claim was

1

"$100,000.00 as of the date of this letter" and provided his medical records as proof of injuries and support of damages. Rec. Docs. 13-1 at 2 and 13-2 at 1.  The defendant now moves this Court to preemptively limit the plaintiff's recoverable damages to the amount jointly stated in his administrative tort claim—$100,000.00. Rec. Doc. 13-1 at 1. The instant motion has gone unopposed by plaintiff Adam Dupuis.

**LAW AND ANALYSIS**

The FTCA provides that "[a]n action shall not be instituted upon a claim against the United States for money damages . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing." 28 U.S.C. §2675(a); *see also* 28 U.S.C. §2401(b). The Fifth Circuit holds that administrative exhaustion is a jurisdictional requisite to filing an FTCA action. *See Gregory v. Mitchell*, 634 F.2d 199, 203-04 (5th Cir. 1981). Here, plaintiff Dupuis filed this lawsuit after six months had lapsed from his initial issuance of the SF-95 to the USPS on October 14, 2022. Rec. Doc. 13-1 at 2. Thus, this Court holds jurisdiction. 28 U.S.C. §2675(a) (stating failure of an agency to make final disposition of a claim within six months after it is filed is deemed a final denial of the claim).

Further, any actions under the FTCA "shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency, except where the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim. 28 U.S.C. §2675(b). The Fifth Circuit has adopted the "worst-case prognosis test." *See Low v. United States*, 795 F.2d 466 (5th Cir. 1986); *see also Reilly v. United States*, 863 F.2D 149 (1st Cir. 1988). There is a subjective and objective test within this test. *See Dickerson v. United States*, 280 F.3d 470, 476 (5th Cir. 2002) (citing *Reilly*, 863 F.2d at 172-176); *see also Lebron v.*

*United States*, 279 F.3d 321, 330 (5th Cir. 2002) (stating "Low makes clear that new information cannot surmount the bar created by §2675(b) if the information merely concerns the precision with which the nature, extent, or duration of a claimant's condition can be known" and that "[r]equiring the plaintiff to guard against a worst-case scenario in preparing his claim gives the Government full notice of its maximum potential liability in the case"). As, plaintiff has filed no opposition, it is assumed that plaintiff is not seeking to claim damages in excess of that which has been previously asserted.

Here, the United States has submitted evidence establishing that the total plaintiff claimed in his administrative claim filed with the USPS was "$100,000.00 as of the date of this letter." Rec. Doc. 13-2 at 1. When a "sum certain" is absent, the Fifth Circuit has liberally held that when the government is appraised of the amount sought through included medical bills, the court still retains jurisdiction. *See Martinez v. United States*, 728 F.2d 694, 697 (5th Cir. 1984). Here, the government states that plaintiff's medical records were attached to his administrative tort claim. Doc.13-1 at 2 n. 5. Nonetheless, the sum certain does contain surplus verbiage. "When a plaintiff submits an administrative claim that indicates, with an asterisk or oilier qualifying language, that its damages [could] exceed a stated dollar amount, courts, in order to avoid dismissing the suit, will usually disregard or strike the asterisk or indefinite terms and consider only the stated dollar amount as the sum certain." *See, e.g.*, *Walker v. United States*, No. CIVA 06-2167, 2008 WL 2641334, at *4 (W.D. La. July 1, 2008). Therefore, this Court will consider plaintiff's demand to be $100,000.00. Additionally, because the plaintiff has neither presented new evidence nor alleged intervening facts disputing his previously claimed damages, plaintiff's recoverable damages shall

be limited to $100,000.00, pursuant to 28 U.S.C. §2675(b).

New Orleans, Louisiana, this 11th day of June, 2025

_____
SENIOR UNITED STATES DISTRICT JUDGE